## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WESLEY MULLINAX, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED MARKETING GROUP, LLC, an Illinois limited liability company; and PERMISSION INTERACTIVE, INC., a California corporation,<br><br>    Defendants. | NO. 1:10-CV-03585-JEC<br><br>Class Action<br><br>**DEFENDANT UNITED MARKETING GROUP, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, COMPEL ARBITRATION AND STAY ALL PROCEEDINGS PENDING COMPLETION OF ARBITRATION.** |

Pursuant to FED. R. CIV. P. 12(b)(1), and without waiving its right to have this matter adjudicated before the American Arbitration Association ("AAA"), defendant United Marketing Group, LLC ("UMG") moves to dismiss Plaintiff Wesley Mullinax's ("Plaintiff") claims against UMG on the ground that this Court lacks subject matter jurisdiction over Plaintiff's claims.   In the alternative, and without waiving its right to have this matter adjudicated before the AAA, UMG moves to dismiss Plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(6) on the ground that Plaintiff fails to allege facts upon which relief can be granted.  In the alternative, and pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C., § 1 *et seq.*, UMG moves to compel this action to arbitration before the AAA and to stay further proceedings before this Court pending the outcome of arbitration.

<u>**Summary of Grounds to Dismiss Plaintiff's Complaint Pursuant to**</u>
<u>**FED. R. CIV. P. 12(b)(1)**</u>

1.      Without waving its right to have this matter adjudicated before the AAA, UMG moves to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over Plaintiff's claims.

2.      UMG markets and sells various subscription products and services to consumers over the internet.

3.      At all times relevant to this dispute, Plaintiff was a subscriber of two of UMG's services.

4.      Plaintiff's Complaint seeks to recover damages and restitution for the amounts he was charged for UMG's subscription services.

5.      UMG has already refunded Plaintiff all of those amounts.

6.      The courts of this Circuit, and this District, have consistently held that a case is properly subject to dismissal on grounds of mootness when a defendant satisfies the plaintiff's demand for relief.

7.      For these reasons, and as further set forth in the accompanying Memorandum of Law, UMG respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1).

## Summary of Grounds to Dismiss Plaintiff's Complaint
## Pursuant to FED. R. CIV. P. 12(b)(6)

8.      In the alternative, and without waving its right to have this matter adjudicated before the AAA, UMG moves to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) on the ground that the Complaint fails to state a claim upon which relief can be granted.

9.      The factual underpinning of all of Plaintiff's claims is that UMG's online enrollment process is misleading or deceptive.

10.     Plaintiff's contention is clearly and unequivocally refuted by the web pages through which Plaintiff enrolled.

11.     Because UMG's online enrollment process is not misleading or deceptive as a matter of law, all of Plaintiff's claims fail.

12.     For these reasons, and as further set forth in the accompanying Memorandum of Law, UMG respectfully requests, in the alternative, that the Court dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6).

## Summary of Grounds to Compel Arbitration

13.     In connection with becoming a subscriber to UMG's services, Plaintiff agreed to UMG's Terms and Conditions, which contained, among other things, a binding and enforceable arbitration clause obligating Plaintiff to arbitrate

the claims he asserts in this proceeding.  A true and correct copy of the Terms and

Conditions is attached hereto as Exhibit C.

14.    The arbitration clause of the Terms and Conditions provides, in

relevant part, as follows:

> Any controversy or claim arising out of or relating to this
> Agreement or your use of the Site shall be settled by binding
> arbitration in accordance with the commercial arbitration rules
> of the American Arbitration Agreement ("AAA").  Any such
> controversy or claim shall be arbitrated on an individual basis,
> and shall not be consolidated in any arbitration with any claim
> or controversy of another party.

*See* Exhibit C, ¶ 12.

15.    Section 4 of the Federal Arbitration Act provides, in pertinent part:

> A party aggrieved by the alleged failure, neglect, or refusal of
> another to arbitrate under a written agreement for arbitration
> may petition any United States district court which, save for
> such agreement, would have jurisdiction under title 28, in a
> civil action or in admiralty of the subject matter of a suit arising
> out of the controversy between the parties, for an order
> directing that such arbitration proceed in the manner provided
> for in such agreement.

9 U.S.C. § 4.

16.    As detailed in the accompanying Memorandum of Law, Plaintiff is

bound by the Arbitration Agreement, and the law of this Circuit permits UMG to

compel arbitration of this dispute.

17.     For these reasons, and as further set forth in the accompanying Memorandum of Law, UMG respectfully requests, in the alternative, that the Court compel this dispute to arbitration before the AAA and stay further proceedings before this Court pending the outcome of the arbitration.

Respectfully submitted this 3rd day of December, 2010.

*s/William B. Hill, Jr.*
William B. Hill, Jr.
*Georgia Bar No. 354725*
williamhill@asherafuse.com

**ASHE, RAFUSE & HILL, LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia  30309-3232
Telephone:  (404) 253-6025
Facsimile:  (404) 253-6041

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| WESLEY MULLINAX, individually and on behalf of all others similarly situated, | NO. 1:10-CV-03585-JEC |
| Plaintiffs, | Class Action |
| vs. | |
| UNITED MARKETING GROUP, LLC, an Illinois limited liability company; and PERMISSION INTERACTIVE, INC., a California corporation, | <u>**CERTIFICATE OF SERVICE**</u> |
| Defendants. | |

I hereby certify that I have this 3rd day of December, 2010, served the

foregoing **DEFENDANT UNITED MARKETING GROUP, LLC'S MOTION**

**TO  DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,**

**COMPEL ARBITRATION AND STAY ALL PROCEEDINGS PENDING**

**COMPLETION OF ARBITRATION** on the following via First-Class U.S. Mail:

John C. Robbins
Attorney at Law
2031 2nd Avenue North
Birmingham, AL  35203

Richard A. Freese
Nathan C. VanDerVeer
FREESE & GOSS, PLLC
2031 2nd Avenue North
Birmingham, Alabama 35203

<u>s/ William B. Hill, Jr.</u>
*Counsel for Defendant*